UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV68-3-MU

| | |
|---|---|
| KEITH DOUGLAS ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BROWN CREEK CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petitioner for Writ of Habeas Corpus filed on July 14, 2008 (Document No. 1.) For the reasons stated herein, the Petitioner's case will be <u>dismissed</u> as time-barred.

### I. Factual and Procedural Background

According to his Petition, on March 22, 2001, Petitioner was convicted by a jury of first degree rape, first degree sexual offense, and first degree kidnapping. The trial court consolidated the rape and kidnapping counts for judgment and sentenced defendant to 339 to 416 months imprisonment. The court imposed an additional, consecutive sentence of 339 to 416 months for the sexual offense. Petitioner appealed his conviction and sentence to the North Carolina Court of Appeals. On October 1, 2002, the Court of Appeals found no error in Petitioner's trial and affirmed his conviction. In January 2004, more than fifteen months following the conclusion of Petitioner's direct review process, Petitioner filed a Motion for Appropriate Relief ("MAR")

1

which was denied on August 7, 2006. Petitioner then filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals on August 21, 2007 which was denied on October 11, 2007. Petitioner filed the instant Petition on July 14, 2008[1] alleging that his conviction was obtained in violation of the double jeopardy clause; the jury was unconstitutionally selected; and his counsel was ineffective. For the reasons stated herein, Petitioner's Petition must be dismissed as untimely filed.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)	the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B)	the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)	the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)	the date on which the factual predicate of the claim or claims presented could have
 been discovered through the exercise of due diligence.

---

[1] The Court is aware and notes that although Petitioner signed and dated his Petition on December 31, 2007, he did not file the Petition until July 14, 2008.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that he was convicted and sentenced on March 22, 2001. The North Carolina Court of Appeals found no error and affirmed Petitioner's conviction and sentence on October 1, 2002. Furthermore, the Petitioner's Petition reflects that he did not seek certiorari review before the United States Supreme Court. Thus, based upon the relevant legal precedent, this Court must conclude that the Petitioner's convictions and sentences became final no later than December 30, 2002 – that is, at the expiration of the 90-day period during which he could have (but did not) seek certiorari review before the U.S. Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (identifying 90-days grace period for cases in which no certiorari was sought in the U.S. Supreme court).

Furthermore, Petitioner allowed more than fifteen months to elapse after the North Carolina Court of Appeals affirmed his conviction and sentence <u>before</u> he initiated his unsuccessful collateral review proceedings in the North Carolina courts in January 2004.[2] Thus while the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. That is, the Petitioner's one-year period already had expired before he even began collateral review.

---

[2] In addition to the fifteen months Petitioner allowed to elapse before initiating his unsuccessful collateral review proceedings, the Court notes that Petitioner waited an additional nine months after his collateral review process was completed before he filed the instant Petition.

3

Specifically, Petitioner's direct appeal concluded on October 1, 2002 when the North Carolina Court of Appeals found no error in his trial and affirmed his sentence and conviction. Petitioner then waited for over fifteen months before filing his MAR in January 2004 which was denied on August 7, 2006. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

No doubt, having allowed more than fifteen moths to elapse prior to initiating the collateral review process, the Petitioner was aware that his Petition likely would be construed as time-barred.[3] Nevertheless, despite having been prompted on his form petition to provide an explanation about his delay, the Petitioner ignored the question, choosing to leave it blank. The Court is aware of the Fourth Circuit's recent decision in Bilal v. State of North Carolina, No. 06-6677, 4th Cir. July 18, 2008, in which the Court specifically limited its holding to the facts of the case and concluded that this Court's sua sponte dismissal of a § 2254 petition was premature when Petitioner's petition was untimely by one month and where Petitioner was confused

---

[3] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner's petition is untimely by over a year and he has been given the opportunity to address the timeliness of his Petition and specifically chose not to answer the question, the Court concludes that his failure to answer the question is evidence that he intentionally evaded the issue and he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

regarding the timeliness of his petition as evidenced by his response to question 18 on the form petition which was "N/A" and there was no evidence that Petitioner intentionally evaded the question, by an outright refusal to answer question 18 on the form petition.  However, Bilal is distinguishable from the instant case because here Petitioner was untimely by over fifteen months and Petitioner's failure to respond to question 18 on the form petition is evidence that he intentionally evaded the question.

Therefore, the Court concludes that Petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant petition.  Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. Denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).  Here, the Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement.  Therefore, equitable tolling also is not available for the Petitioner.

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court.  Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a

Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: August 1, 2008

Graham C. Mullen
United States District Judge