UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV68-3-MU

| | |
|---|---|
| KEITH DOUGLAS ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BROWN CREEK CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Objections to the Recommendation of the United States Magistrate Judge" which this Court will construe as a motion for reconsideration[1] (Doc. No. 4). For the reasons stated herein, the Petitioner's motion will be denied..

## I. Factual and Procedural Background

According to his Petition, on March 22, 2001, Petitioner was convicted by a jury of first degree rape, first degree sexual offense, and first degree kidnapping. The trial court consolidated the rape and kidnapping counts for judgment and sentenced defendant to 339 to 416 months imprisonment. The court imposed an additional, consecutive sentence of 339 to 416 months for the sexual offense. Petitioner appealed his conviction and sentence to the North Carolina Court of Appeals. On October 1, 2002, the Court of Appeals found no error in Petitioner's trial and affirmed his conviction.

---

[1] The Court notes that the undersigned is a United States District Judge, not a magistrate judge.

In this Court's August 1, 2008 Order, the Court stated that Petitioner filed a Motion for Appropriate Relief ("MAR") in January 2004, more than fifteen months following the conclusion of Petitioner's direct review process. The Court relied on a Order attached to Petitioner's Petition and signed by Superior Court Judge Kimberly Taylor for the date of the filing of Petitioner's MAR. (See Doc. No. 1, at 20.) However, Petitioner now submits a different order signed by Superior Court Judge Kimberly Taylor which states that his MAR was filed on September 19, 2003. (See Motion at 5.) The Court will assume for the purposes of this Order that Petitioner filed his MAR on September 19, 2003, which is 262 days after the conclusion of his direct review process. Petitioner's MAR was denied on August 7, 2006. Petitioner then filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals on August 21, 2007 which was denied on October 11, 2007. Petitioner filed the instant Petition on July 14, 2008[2] alleging that his conviction was obtained in violation of the double jeopardy clause; the jury was unconstitutionally selected; and his counsel was ineffective. For the reasons stated herein, Petitioner's Petition must be <u>dismissed</u> as untimely filed.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

---

[2] The Court is aware and notes that although Petitioner signed and dated his Petition on December 31, 2007, he did not file the Petition until July 14, 2008. Indeed, the post mark on the envelope in which Petitioner mailed his Petition to this Court by certified mail indicates that it was mailed on July 12, 2008. (See Doc. No. 1, last page). In his motion for reconsideration, Petitioner contends that he sent his Petition through the U.S. mail in February 2008 to the United States District Court, Western District of North Carolina, 401 West Trade Street, Charlotte, N.C. 28202. Petitioner has no knowledge of "why it took a lengthy time for U.S. District Court in Charlotte to forward [his petition] to their office in Statesville." Motion at 3.

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner was convicted and sentenced on March 22, 2001. The North Carolina Court of Appeals found no error and affirmed Petitioner's conviction and sentence on October 1, 2002. The Petition further reflects that Petitioner did not seek certiorari review before the United States Supreme Court. Thus, based upon the relevant legal precedent, this Court must conclude that the Petitioner's convictions and sentences became final no later than December 30, 2002 – that is, at the expiration of the 90-day period during which he could have (but did not) seek certiorari review before the U.S. Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (identifying 90-days grace period for cases in which no certiorari was sought in the U.S. Supreme court).

Petitioner allowed 262 days to elapse from the end of his direct review, which was December 30, 2002 until the beginning of his collateral review in state court which was September 19, 2003 when he filed his MAR. The AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review. Therefore the period beginning with the filing of his MAR on September 19, 2003 through the conclusion of the state collateral review process which ended on October 11, 2007 when the North Carolina Court of Appeals denied Petitioner's writ of certiorari, is tolled and will not be counted toward the one-year limitations period outlined in the AEDPA. Calculating from October 11, 2007, Petitioner had 103 days remaining, or until January 22, 2008, to file his Petition in this Court. Petitioner filed the instant Petition in this Court on July 14, 2008. However, the Court does note that Petitioner claims he filed his Petition in February, 2008 (Motion at 2).[3] In either case, Petitioner's Petition is untimely as such Petition was not filed within the one-year limitations period as outlined in the AEDPA.[4]

### III. Conclusion

The Petitioner has failed to demonstrate that his Petition was timely filed in this Court. Therefore, Petitioner's Motion for Reconsideration is DENIED.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion for

---

[3] The Court notes that the envelope in which Petitioner mailed his Petition to this Court by certified mail indicates a post mark of July 12, 2008. (See Doc. No. 1, last page.)

[4] Petitioner would have had to file his Petition in this Court by January 22, 2008 in order for his Petitioner to be considered timely filed. Petitioner contends that he originally filed his Petition in this Court in February, 2008. Although the envelope that Petitioner mailed his Petition to this Court bears the post mark of July 12, 2008, even assuming the Petition was filed in February, 2008, as Petitioner contends, the Petition is untimely.

Reconsideration is DENIED.

**SO ORDERED.**

Signed: August 20, 2008

Graham C. Mullen
United States District Judge